# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
## CRIMINAL DIVISION
### VENUE: SAN FRANCISCO

**FILED**

DEC - 9 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### UNITED STATES OF AMERICA,

### V.

CHARLES ROBERT VAUGHN
a/k/a Robert Vaughan
a/k/a Robert Vaughn

## CR 10 0902 RS

### DEFENDANT.

# INDICTMENT

18 U.S.C. § 1014-False Statement to Government
Agency
18 U.S.C. § 1028A-Aggravated Identity Theft
18 U.S.C. § 1344(1) &(2)- Bank Fraud

A true bill.

_____
Foreman

Filed in open court this ___ day of
_DEC. 2015_

_____
Clerk

Bail, $ NO BAIL ARREST WARRANT



AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

—— OFFENSE CHARGED ——

18 U.S.C. § 1014-False Statement to Government Agency
18 U.S.C. § 1028A-Aggravated Identity Theft
18 U.S.C. § 1344(1) &(2)- Bank Fraud

☐ Petty

☐ Minor

☐ Misde-meanor

☒ Felony

PENALTY:   Counts 1 and 3: 30yrs imprisonment; $ 1,000,000 fine; 5yrs
supervised release; $100 special assessment. Count 2: 2yrs
consecutive imprisonment; $ 250,000 fine; 1yrs supervised release;
$ 100 special assessment. Count 4: 30yrs imprisonment; $
1,000,000 fine; 5yrs supervised release; $100 special assessment.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

—— DEFENDANT - U.S ——

▶ CHARLES ROBERT VAUGHN

DISTRICT COURT NUMBER   **RS**

CR 10 0902

—— DEFENDANT ——

—————— PROCEEDING ——————

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:

☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Susan E. Badger/AUSA

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**FILED**
DEC - 9 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   } If "Yes"
been filed?    ☐ No    } give date filed

DATE OF   ▶   Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED   ▶   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

———— ADDITIONAL INFORMATION OR COMMENTS ————

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

Bail Amount: No bail warrant

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time

Before Judge:

Comments:

1   MELINDA HAAG (CABN 132612)
    United States Attorney

2

3

4

5   

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA                    **RS**

11                      SAN FRANCISCO DIVISION

12

13   UNITED STATES OF AMERICA,        )   **C R  1 0   0 9 0 2**
                                      )   No.:
14          Plaintiff,                )
                                      )   18 U.S.C. § 1014 -- False Statement to
15      v.                            )   Government Agency; 18 U.S.C. § 1028A
                                      )   – Aggravated Identity Theft; 18 U.S.C.
16   CHARLES ROBERT VAUGHN,           )   §§ 1344(1) & (2) -- Bank Fraud
     a/k/a ROBERT VAUGHAN,            )
17   a/k/a ROBERT VAUGHN,             )
                                      )
18          Defendant.                )
                                      )
19   _____)

20                       I N D I C T M E N T

21   The Grand Jury charges:

22                   INTRODUCTORY ALLEGATIONS

23      At all times relevant to this indictment:

24      1. CHARLES ROBERT VAUGHN, a/k/a ROBERT VAUGHAN, a/k/a ROBERT

25   VAUGHN, ("VAUGHN"), was a resident of Sonoma County, California.

26      2. VAUGHN represented that he was in the business of growing organic produce

27   at 1645 South Wright Road in Santa Rosa, California.

28      3. VAUGHN represented that the name of his business was @VANTAGE.COM

INDICTMENT                              

                                                                        

1  Planet Organic, a/k/a @VANTAGE.COM, LLC dba PLANET ORGANIC, a/k/a

2  ADVANTAGE MARKETING, a/k/a PLANET ORGANIC, LLC, a/k/a PLANET

3  ORGANIC.

4      4. VAUGHN represented himself to be the manager, Vice-President, and member

5  of the business, and as having the authority to act on behalf of the business.

6      5. On March 26, 2007, VAUGHN, as the responsible party for the business,

7  caused to be filed a Chapter 12 Voluntary Petition in United States Bankruptcy Court,

8  Northern District of California, under the name @VANTAGE.COM LLC, dba PLANET

9  ORGANIC.

10      6. The Farm Service Agency ("FSA") was the successor agency of the Farmers

11  Home Administration, and was a division of the United States Department of Agriculture

12  and an agency of the United States government. The responsibilities of the FSA included

13  providing economic assistance to qualified farmers. The FSA made loans to farmers who

14  were temporarily unable to obtain private or commercial credit. Emergency loans of up to

15  $500,000 were available to provide assistance in covering losses sustained by eligible

16  farmers so that they could return to normal farming operations. Operating loans of up to

17  $200,000 were available to help pay for farm operating expenses.

18      7. The FSA maintained an office in Ukiah, California.

19      8. North Coast Bank, which maintained a branch in Santa Rosa, California, was a

20  division of American River Bank, and the funds of both entities were insured by the

21  Federal Deposit Insurance Corporation ("FDIC").

22  COUNT ONE: (18 U.S.C. § 1014 – False Statement to Government Agency)

23      9. Paragraphs 1 through 7 of this Indictment are hereby re-alleged and

24  incorporated by reference as if set forth in full herein.

25      10. From in or about January 2006 through in or about May 2006, in the Northern

26  District of California and elsewhere, the defendant,

27                        CHARLES ROBERT VAUGHN,
                           a/k/a ROBERT VAUGHAN,

28                             a/k/a ROBERT VAUGHN,

INDICTMENT                        2

1  did knowingly make false statements and reports as specified below for the purpose of

2  influencing the actions of the Secretary of Agriculture, acting through the FSA, in

3  connection with the application in the name of @VANTAGE.COM Planet Organic, a/k/a

4  @VANTAGE.COM, LLC dba PLANET ORGANIC, a/k/a PLANET ORGANIC ("the

5  applicant business"), for a $500,000 Emergency Loan, by falsely representing the

6  following, among other things:

7       (a)   That the applicant business had more than $900,000 in gross income and

8  more than $70,000 in net income in 2005, whereas in truth and in fact, as VAUGHN

9  knew, the gross income and net income for the applicant business in 2005 were

10  substantially less than these figures;

11       (b)   That neither VAUGHN, the applicant business, nor any member of the

12  applicant business, was involved in pending litigation at the time, whereas in truth and in

13  fact, as VAUGHN knew, at the time the FSA was considering the loan application, there

14  were at least two civil actions pending that involved the applicant business, VAUGHN

15  himself, and another member of the applicant business;

16       (c)   That the applicant business rented the property at 1645 South Wright Road

17  under a lease purchase agreement, with an option to purchase the property, whereas in

18  truth and in fact, as VAUGHN knew, the applicant business's lease had expired due to

19  failure to pay rent and the applicant business had lost its option to purchase the property;

20       (d)   That VAUGHN himself had degrees in Business and Economics, whereas in

21  truth and in fact, as VAUGHN knew, he had no such degrees;

22       (e)   That the current members of the applicant business were three specific

23  individuals, whereas in truth and in fact, and as VAUGHN knew, one of the purported

24  members was deceased at the time that VAUGHN applied to the FSA for the loan;

25       (f)   That a document VAUGHN provided to the FSA entitled "Resolution of the

26  Executive Management Committee of this the @VANTAGE.COM, LLC a California

27  Limited Liability Company," which purported to give VAUGHN the authority to act on

28  behalf of the applicant business, bore the authentic signatures of all members of the

INDICTMENT                   3

1   applicant business, whereas in truth and in fact, as VAUGHN knew, at least one member

2   was deceased as of the date she purportedly signed the document, and that signature was

3   forged; and

4       (g)   That a communication reporting the re-allocation of the applicant business's

5   member shares was from the business's corporate counsel, whereas in truth and in fact, as

6   VAUGHN knew, the communication was not from the business's counsel.

7       All in violation of Title 18, United States Code, Section 1014.

8   COUNT TWO: (18 U.S.C. § 1028A – Aggravated Identity Theft)

9       11. Paragraphs 1 through 7 of this Indictment are hereby re-alleged and

10  incorporated by reference as if set forth in full herein.

11      12. From in or about January 2006 through in or about May 2006, in the Northern

12  District of California, and elsewhere, the defendant,

13                      CHARLES ROBERT VAUGHN,
                              a/k/a ROBERT VAUGHAN,
14                       a/k/a ROBERT VAUGHN,

15  during and in relation to the offense described in Count One of this Indictment, a

16  provision contained in Chapter 47 of Title 18, United States Code, did knowingly use,

17  without lawful authority, a means of identification of another person, namely the name

18  and date of birth of D.S., who was deceased, in violation of Title 18, United States Code,

19  Section 1028A.

20  COUNT THREE: (18 U.S.C. § 1014 – False Statement to Government Agency)

21      13. Paragraphs 1 through 7 of this Indictment are hereby re-alleged and

22  incorporated by reference as if set forth in full herein.

23      14. From in or about January 2006 through in or about October 2006, in the

24  Northern District of California and elsewhere, the defendant,

25                      CHARLES ROBERT VAUGHN,
                              a/k/a ROBERT VAUGHAN,
26                       a/k/a ROBERT VAUGHN,

27  did knowingly make false statements and reports as specified below for the purpose of

28  influencing the actions of the Secretary of Agriculture, acting through the FSA, in

INDICTMENT                              4

1  connection with the application in the name of @VANTAGE.COM Planet Organic, a/k/a

2  @VANTAGE.COM, LLC dba PLANET ORGANIC, a/k/a PLANET ORGANIC ("the

3  applicant business"), for a $200,000 Operating Loan, by falsely representing the

4  following, among other things:

5        (a)   That the applicant business had more than $900,000 in gross income and

6  more than $70,000 in net income in 2005, whereas in truth and in fact, as VAUGHN

7  knew, the gross income and net income for the applicant business in 2005 were

8  substantially less than those figures;

9        (b)   That neither VAUGHN, the applicant business, nor any member of the

10  applicant business, was involved in pending litigation at the time, whereas in truth and in

11  fact, as VAUGHN knew, at the time the FSA was considering the loan application, there

12  was at least one civil action pending that involved the applicant business;

13        (c)   That the applicant business rented the property at 1645 South Wright Road

14  under a lease purchase agreement, with an option to purchase the property, whereas in

15  truth and in fact, as VAUGHN knew, the applicant business's lease had expired due to

16  failure to pay rent and the applicant business had lost its option to purchase the property;

17        (d)   That VAUGHN himself had degrees in Business and Economics, whereas in

18  truth and in fact, as VAUGHN knew, he had no such degrees;

19        (e)   That a document VAUGHN provided to the FSA entitled "Resolution of the

20  Executive Management Committee of this the @VANTAGE.COM, LLC a California

21  Limited Liability Company," which purported to give VAUGHN the authority to act on

22  behalf of the applicant business, bore the authentic signatures of all members of the

23  applicant business, whereas in truth and in fact, as VAUGHN knew, at least one member

24  was deceased as of the date she purportedly signed the document, and that signature was

25  forged; and

26        (f)   That a communication reporting the re-allocation of the applicant business's

27  member shares was from the business's corporate counsel, whereas in truth and in fact, as

28  ///

INDICTMENT                 5

1 | VAUGHN knew, the communication was not from the business's counsel.

2 | All in violation of Title 18, United States Code, Section 1014.

3 | COUNT FOUR: (18 U.S.C. §§ 1344 (1) & (2) – Bank Fraud)

4 | 15. Paragraphs 1 through 5 and 8 of this Indictment are hereby re-alleged and

5 | incorporated by reference as if set forth in full herein.

6 | ### The Scheme to Defraud

7 | 16. Beginning at a time unknown to the grand jury, but no later than March 2006,

8 | and continuing through at least June 2008, in the Northern District of California and

9 | elsewhere, the defendant,

10 |
11 | <center>CHARLES ROBERT VAUGHN,<br>a/k/a ROBERT VAUGHAN,<br>a/k/a ROBERT VAUGHN,</center>

12 | did knowingly and intentionally execute and attempt to execute a material scheme and

13 | artifice to defraud North Coast Bank, Santa Rosa, California, a financial institution, and

14 | to obtain money, funds, credits, and assets owned by, and under the custody and control

15 | of, North Coast Bank by means of materially false and fraudulent pretenses,

16 | representations, promises, and omissions.

17 | 17. VAUGHN and his business, @VANTAGE.COM Planet Organic, a/k/a

18 | @VANTAGE.COM LLC dba Planet Organic, a/k/a @VANTAGE MARKETING, a/k/a

19 | PLANET ORGANIC, LLC ("the applicant business"), applied for and obtained from

20 | North Coast Bank a $100,000 line of credit to be used as operating capital for the

21 | applicant business, which VAUGHN drew down between approximately June 11, 2007

22 | and August 15, 2007.

23 | 18. After receiving approval for this line of credit, VAUGHN requested a

24 | $100,000 increase in the line of credit.

25 | 19. In the process of seeking funds from North Coast Bank, VAUGHN

26 | (a) made materially false statements and material omissions about the income, assets, and

27 | financial soundness of the applicant business; (b) made materially false statements about

28 | his personal income; (c) provided North Coast Bank with false and fraudulent

INDICTMENT                                          6

1   documentation to support his claims about the applicant business's income and his own

2   income; (d) failed to report material adverse information about the applicant business's

3   financial circumstances; and (e) contrary to his agreement with North Coast Bank, used

4   some of the funds for purposes not related to the business's operations.

5            20.  It was part of the scheme to defraud that, among other conduct, VAUGHN:

6            (a)  Falsely represented to North Coast Bank that the applicant business was a

7   company with just less than $3 million in annual sales.

8            (b)  Falsely represented to North Coast Bank that as of December 31, 2006, the

9   applicant business had total assets of $2.7 million and total liabilities of $530,000;

10          (c)  Falsely represented to North Coast Bank that in 2006, the applicant business

11  had total income of $2.6 million and net income of $1.5 million;

12          (d)  Provided to North Coast Bank altered and fraudulent federal income tax

13  returns for the applicant business for the 2004, 2005, and 2006 tax years;

14          (e)  Failed to provide to North Coast Bank the federal tax returns for the applicant

15  business for the 2004 and 2005 tax years which showed negative net income for those

16  years;

17          (f)   Falsely represented to North Coast Bank that the applicant business had $1.4

18  million in gross income and net income of $1.2 million during the first six months of

19  2007;

20          (g)  Caused an e-mail to be sent to a representative of North Coast Bank which

21  VAUGHN falsely purported to be from the Certified Public Accountant for the applicant

22  business;

23          (h)  Failed to disclose to North Coast Bank that on March 26, 2007, the applicant

24  business filed a Chapter 12 Voluntary Petition in United States Bankruptcy Court,

25  Northern District of California; and

26  ///

27  ///

28  ///

INDICTMENT                                    7

1    (i)   Provided false information and fraudulent supporting documentation about

2  his own personal finances, including fraudulent documents showing that he earned

3  interest income in 2004, 2005, and 2006.

4    All in violation of Title 18, United States Code, Sections 1344 (1) & (2).

5

6  DATED:                                                    A TRUE BILL.

7       *December 9, 2010*

8                                                            FOREPERSON

9  MELINDA HAAG
   United States Attorney

10

11  MIRANDA KANE

12  Chief, Criminal Division

13
   (Approved as to form:                          )
14                     AUSA Susan E. Badger

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                                    8